# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH JESSOP, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF FRESNO, et al.,<br><br>  Defendants. | Case No.  1:15-cv-00316-DAD-SAB<br><br>ORDER CONTINUING HEARING ON DEFENDANT CITY OF FRESNO'S MOTION TO COMPEL FROM JULY 20, 2016 TO AUGUST 3, 2016<br><br>(ECF Nos. 32, 33, 34, 35) |

## I.
## INTRODUCTION

On June 22, 2016, Defendant City of Fresno ("Defendant") filed a motion to compel further responses to special interrogatories and requests for production of documents. (ECF No. 32.) Defendant also requests monetary sanctions in the amount of $2,220.00, which represents the fees and costs associated with bringing and presenting the motion to compel. (ECF No. 32.)

On July 13, 2016, Defendant filed a reply to non-opposition of the motion to compel. (ECF No. 34.) On that same date, Defendant's counsel, Allen Christiansen, filed a declaration pursuant to Local Rule 251(d) that was intended to supplement his June 21, 2016 Local Rule 251(d) declaration. (ECF No. 34-1.) On July 13, 2016, Plaintiffs filed an objection to Defendant's motion to compel and requested that the motion to compel be taken off calendar. (ECF No. 35.) Attached to Plaintiffs' objection was a declaration by Plaintiffs' counsel, Kevin

1

Little.  (ECF No. 35 at 4.)

For the reasons set forth below, the Court vacates the July 20, 2016 hearing on Defendant's motion to compel and orders the parties to meet and confer regarding the discovery dispute before July 27, 2016.  If the parties are unable to resolve the discovery dispute, they shall file a joint statement re discovery dispute on or before July 27, 2016.  The hearing on Defendant's motion to compel is continued to August 3, 2016, at 10:00 a.m. in Courtroom 9.

## II.

## DISCUSSION

It is apparent from the parties' competing declarations that there has been a breakdown in communications.  However, the parties are still required to comply with the Court's scheduling order and the Court's Local Rules.[1]

### A.    Local Rule 230

Defendant alleges that, pursuant to Local Rule 230(c), any opposition to the motion to compel was due on or before July 6, 2016.  (ECF No. 34 at 2.)  However, Local Rule 230(c) does not apply to the instant motion to compel.  Local Rule 251(f) provides that "[b]y reason of the notice provisions set forth in (a) and (e), the provisions of L.R. 230 shall not apply to motions and hearings dealing with discovery matters.  Therefore, Plaintiffs did not have to file an opposition in accordance with Local Rule 230(c).

### B.    Failure to File Joint Statement

As an initial matter, the Court notes that the parties failed to prepare and file a joint statement concerning Defendant's motion to compel.  Local Rule 251 requires that the parties submit a joint statement at least seven days before the scheduled hearing on the motion to compel. However, Local Rule 251(d) provides that counsel for the moving party may file and serve an affidavit if he or she is "unable, after a good faith effort, to secure the cooperation of counsel for the opposing party in arranging the required conference, or in preparing and executing the required joint statement."  Here, Defendant's counsel filed two affidavits pursuant

---

[1] For the convenience of all parties appearing before the Court, the Local Rules are available online at: http://www.caed.uscourts.gov/caednew/assets/File/EDCA%20Local%20Rules%20Effective%201-1-15.pdf.

to Rule 251(d) regarding the failure to meet and confer. (ECF Nos. 32-1, 34-1.) Therefore, the Court will review the parties' claims regarding the failure to meet and confer.

### C. Failure to Meet and Confer

Defendant alleges that Plaintiffs have failed to meet and confer after multiple requests. Defendant asks the Court to enter an order adverse to Plaintiffs for Plaintiffs' counsel's refusal to meet and confer. (ECF No. 34 at 2.)

In the July 13, 2016 Rule 251(d) declaration, Mr. Christiansen declares that on May 6, 2016, he sent a meet and confer letter requesting that the parties meet and confer on the issue of Plaintiffs' discovery responses, but he received no response to that letter. (Christiansen July 13, 2016 Decl. at ¶ 3.) Mr. Christiansen declares that on May 23, 2016, he called Kevin Little's office and spoke to his secretary, who informed Mr. Christiansen that Plaintiffs' counsel would be responding to the May 6, 2016 meet and confer letter. (Christiansen July 13, 2016 Decl. at ¶ 4.) As of June 20, 2016, Mr. Christiansen had not received any contact from Plaintiffs' counsel, so Defendant filed the motion to compel and request for sanctions. (Christiansen July 13, 2016 Decl. at ¶ 6.)

On July 5, 2016, Mr. Christiansen called Plaintiffs' counsel and informed Plaintiffs' counsel's secretary that he was still seeking to meet and confer with Mr. Little because the date to file the joint statement was rapidly approaching. (Christiansen July 13, 2016 Decl. at ¶ 7.) Mr. Christiansen declared that he has had no contact from Plaintiffs' counsel and no response to his repeated calls. (Christiansen July 13, 2016 Decl. at ¶ 9.)

It appears that the only attempt at communication by Plaintiffs' counsel's office to defense counsel regarding the discovery dispute was on July 13, 2016. Mr. Christiansen states that he received an unsigned letter via fax dated July 13, 2016 with a time stamp of 3:27 a.m. from Mr. Little's assistant Ashley Herbert, who is not an attorney. (Christiansen July 13, 2016 Decl. at ¶ 10.) Mr. Christiansen declares that Ms. Herbert's July 13, 2016 letter contains multiple intentional misrepresentations. (Christiansen July 13, 2016 Decl. at ¶ 11.) Defense counsel also notes that Ms. Herbert's July 13, 2016 letter is not from an attorney, and therefore, none of Plaintiffs' counsel have actually attempted to communicate with defense counsel.

(Christiansen July 13, 2016 Decl. at ¶ 12.)

On July 13, 2016, Plaintiffs filed objections to Defendant City of Fresno's motion to compel and requested that the motion be taken off calendar. (ECF No. 35.) Attached to Plaintiffs' objections is a declaration from Mr. Little. (ECF No. 35 at 4.) Plaintiffs argue that defense counsel failed to initiate the joint statement of discovery dispute process required by the local rules and they ask that the motion be taken off calendar with instructions to moving counsel to follow the appropriate local rules for discovery disputes. (ECF No. 35 at 2.)

However, as pointed out by defense counsel, Ms. Herbert's July 13, 2016 letter is an acknowledgement that Plaintiffs were aware of the instant motion to compel. (Christiansen July 13, 2016 Decl. at ¶ 13.) Based on Mr. Little's declaration, he clearly was aware of Defendant's motion to compel as well as Defendant's May 6, 2016 meet and confer letter. After the May 6, 2016 meet and confer letter, the ball was in Mr. Little's court to get back to defense counsel regarding the discovery dispute. Mr. Little attempts to excuse his untimely response to Defendant's meet and confer letter on the fact that he was in trial. However, there is no indication that he ever communicated the fact that he was in trial to defense counsel. Also, Mr. Little did not communicate with defense counsel for over two months after receiving the meet and confer letter, which is not professional or courteous, even if Mr. Little was in trial.

It appears that Plaintiffs attempt to excuse their non-response Defendant's May 6, 2016 letter and multiple phone calls on the fact that Defendant has contacted Mr. Little instead of "lead counsel" regarding the discovery matters. The Court notes that Mr. Little is designated as "lead counsel" on the CM/ECF docket. Also, the Court notes that Mr. Little signed Plaintiffs' responses to special interrogatories and responses to requests for production of documents, so it would have been reasonable for defense counsel to contact Mr. Little regarding the letter to meet and confer. (ECF Nos. 32-6, 32-7, 32-8, 32-9.) Even if Mr. Little is not "lead counsel" in this action, the Court is unaware of any authority, and Plaintiffs provide no authority that states that only "lead counsel" may be contacted on discovery matters. If Mr. Little wanted his co-counsel, Darrell York, to address Defendant's meet and confer letter, he should have contacted his co-counsel and made sure that one of Plaintiffs' representatives responded to defense counsel.

While it may have been prudent for defense counsel to also directly reach out to Mr. York, there was never any indication from either of Plaintiffs' counsel that defense counsel should do this.  In the future, defense counsel may want to contact both of Plaintiffs' co-counsel on matters to expeditiously resolve disputes.  The Court notes that both of Plaintiffs' counsel received electronic notification of Defendant's motion to compel, which had the May 6, 2016 letter attached as an exhibit, but neither counsel responded to defense counsel until the July 13, 2016 faxed letter from Mr. Little's assistant.

Therefore, as Defendant sent a meet and confer letter and called and left messages with staff at Mr. Little's office two times, the Court finds that Defendant attempted to meet and confer in this matter in good faith.  It was Mr. Little who did not sufficiently attempt to meet and confer regarding this discovery dispute.

Mr. Little appears to be under the mistaken belief that parties must engage in the Court's informal telephonic conference procedure for discovery disputes.  However, there is no requirement for parties to participate in the informal telephonic conference procedure for discovery disputes before bringing a motion to compel under Local Rule 251.  The Court does offer an informal telephonic conference procedure for discovery disputes when all parties stipulate to taking part in it.  However, in this case, the parties did not stipulate to taking part in the informal telephonic discovery dispute process.  While Defendant inquired about the informal telephonic conference procedure with the Court, Defendant could not request an informal telephonic conference procedure for discovery disputes without the consent of Plaintiffs.  The Court notes that at the time that Defendant inquired about the informal telephonic conference procedure, Defendant still had not heard from Plaintiffs regarding the attempts to meet and confer regarding the discovery dispute.  Defendant was not required to seek Plaintiffs' consent for an informal telephonic conference as that is an optional procedure that the Court offers.

The parties are advised that for all future discovery disputes in this action, counsel for the parties are required to meet and confer in person, by telephone, or by email prior to filing a motion to compel or filing the joint statement as required by Local Rule 251.  However, future failures to respond to meet and confer efforts may result in sanctions to the non-responding

1 party. Counsel may choose to participate in the informal telephonic conference procedure for
2 discovery disputes, but again, the informal telephonic conference is optional and both parties
3 must stipulate to participate in order to take part in it.

        **D.**     **Failure to Circulate Joint Statement**

5 Plaintiffs argue that Defendant has failed to comply with Local Rule 251(c), because
6 defense counsel did not circulate a proposed joint statement of discovery dispute. (ECF No. 35.)
7 While Local Rule 251(c) details the requirements of the joint statement re discovery
8 disagreement, it is clear that the joint statement only needs to be prepared after the parties'
9 counsel have met and conferred. Local Rule 251(c) states, "[i]f the moving party is still
10 dissatisfied after the conference of counsel, that party shall draft and file a document entitled
11 'Joint Statement re Discovery Disagreement.'" Plaintiffs' counsel suggests that defense counsel
12 should have had to circulate a joint statement even though Plaintiffs' counsel did not respond to
13 defense counsel's requests to engage in the meet and confer process. That is unreasonable and is
14 not required by any of the Local Rules. Therefore, Defendant was not required to circulate a
15 joint statement in the instant discovery dispute after Plaintiffs did not engage in the meet and
16 confer process.

        **E.**     **Continuance of Hearing**

18 Although Plaintiffs' counsel has acted unreasonably, it appears that the parties may be
19 able to resolve some of their discovery disputes by meeting and conferring. The Court vacates
20 the July 20, 2016 hearing on Defendant's motion to compel and orders the parties to meet an
21 confer regarding the discovery dispute before July 27, 2016. If the parties are unable to resolve
22 the discovery dispute, they shall file a joint statement re discovery dispute on or before July 27,
23 2016. The joint statement re discovery dispute shall address both the discovery disagreement
24 and Defendant's request for sanctions. If Defendant requests additional sanctions due to the
25 continued hearing, Defendant shall make such a request in the joint statement. The hearing on
26 Defendant's motion to compel is continued to August 3, 2016, at 10:00 a.m. in Courtroom 9.
27 The parties are advised that failure to follow this order may result in the imposition of sanctions
28 on counsel, which may include the opposing party's costs associated with this motion and/or

additional sanctions.

## III.

## ORDER

Accordingly, it is HEREBY ORDERED that:

1. The hearing set for July 20, 2016, is CONTINUED to August 3, 2016, at 10:00 a.m. in Courtroom 9;

2. The parties' counsel[2] are to arrange a telephonic or an in-person conference among themselves prior to July 27, 2016, to discuss the issues raised in Defendant's motion to compel;

3. To the extent that the meet and confer process does not resolve the discovery dispute, parties' counsel shall sign and submit a joint statement re discovery dispute including discussion of Defendants' request for sanctions on or before July 27, 2016; and

4. The failure to comply with this order may result in the imposition of sanctions on counsel.

IT IS SO ORDERED.

Dated:   **July 15, 2016**

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Mr. Osterberg, as Defendant Derik Kumagai's counsel, does not need to participate in the discussion of the parties' dispute regarding Defendant City of Fresno's requests for production of documents and special interrogatories propounded on Plaintiffs. Also, only one representative for Defendant City of Fresno and one representative for Plaintiffs need to participate in the meet and confer and joint statement, but all counsel are welcome to participate.