# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH JESSOP, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>CITY OF FRESNO, et al.,<br><br>       Defendants. | Case No.  1:15-cv-00316-DAD-SAB<br><br>ORDER GRANTING IN PART DEFENDANT CITY OF FRESNO'S MOTION TO COMPEL AND REQUEST FOR ATTORNEY'S FEES<br><br>(ECF Nos. 32, 33, 34, 35, 37, 38, 39) |

On June 22, 2016, Defendant City of Fresno ("Defendant Fresno") filed a motion to compel further responses to special interrogatories and request for production of documents from Plaintiffs Micah Jessop ("Plaintiff Jessop") and Brittan Ashjian ("Plaintiff Ashjian").  (ECF No. 32.)  Defendant Fresno also requested monetary sanctions in the amount of $2,220.00, which represents the fees and costs associated with bringing and presenting the motion to compel. (ECF No. 32.)

On July 13, 2016, Defendant Fresno filed a reply to non-opposition of the motion to compel.  (ECF No. 34.)  On July 13, 2016, Defendant Fresno's counsel, Allen Christiansen, filed a declaration pursuant to Local Rule 251(d) that was intended to supplement his June 21, 2016 Local Rule 251(d) declaration.  (ECF No. 34-1.)  On July 13, 2016, Plaintiffs filed an objection to Defendant Fresno's motion to compel and requested that the motion be taken off calendar. (ECF No. 35.)

The hearing was originally scheduled for July 20, 2016, but was continued to August 3, 2016. On July 26, 2016, the parties filed a joint statement. (ECF No. 37.) On July 28, 2016, Defendant Fresno filed a supplement regarding Plaintiffs' amended responses to Defendant Fresno's discovery requests. (ECF No. 38.) On July 29, 2016, Plaintiffs filed objections to Defendant Fresno's supplement. (ECF No. 39.) The Court considers Defendant Fresno's July 28, 2016 supplement, which includes Plaintiffs' amended responses, and Plaintiff's July 29, 2016 objections.

The hearing on the motion to compel took place on August 3, 2016. Kevin Little appeared on behalf of Plaintiffs. Allen Christiansen appeared telephonically on behalf of Defendant Fresno. For the reasons set forth below, Defendant Fresno's motion to compel is granted in part and request for attorney's fees is granted in part.

**I.**

**BACKGROUND**

Plaintiffs allege that Defendants violated their constitutional rights in connection with the seizure and theft of $101,380 of United States currency and rare coins valued at approximately $125,000. Defendants Kumagai, Cantu, Chastain, Dodd, Reynolds, Zarausa, Arrellanes, Garza, Bunch, and Fry ("Defendant Officers") were Fresno Police Officers who were acting within the course and scope of their duties as police officers for the Fresno Police Department. Defendant Fresno employed Defendant Officers.

Plaintiffs are owners of Automated Teller Machines ("ATMs") in the Central Valley in California. Plaintiffs keep large sums of cash at their business and homes in order to restock their ATMs. On September 10, 2013, Defendant Officers conducted a raid pursuant to a search warrant at Plaintiff Jessop's residence and at Plaintiffs' business. Defendant Officers seized approximately $131,380 in United States currency from Plaintiffs' business location. Defendant Officers seized an additional $20,000 in United States currency and rare coins valued at $125,000 from Plaintiff Jessop's residence.

On September 11, 2013, Plaintiffs along with their retained counsel met with Defendant Kumagai and an attorney from the Fresno City Attorney's Office to view the currency that was

seized pursuant to the search warrant. Plaintiffs were informed that $50,000 in currency was seized. Plaintiffs complained that more currency was seized than what was in the property room, but Defendants still informed Plaintiffs that only $50,000 was seized and no coins were seized. Plaintiffs then conducted an accounting of all of their funds and discovered that $81,380 was missing, excluding the $20,000 in currency and rare coins seized from Plaintiff Jessop's home.

Plaintiffs bring four claims for relief: unreasonable search and seizure of property against all Defendants except Defendant Fresno; deprivation of property without due process against all Defendants except Defendant Fresno; substantive due process violation against all Defendants except Defendant Fresno; and municipal liability for unconstitutional custom or policy against Defendant Fresno.

## II.

## LEGAL STANDARD

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1) *In General*.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37.

Rule 37 states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 37 also provides that attorney's fees must be awarded to the party that prevails on a motion to compel or the party who successfully opposes a motion to compel. Fed. R. Civ. P. 37(a)(5). If the motion to compel is granted in part and denied in part, the Court has discretion to apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C).

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Rule 34 of the Federal Rule of Civil Procedure provides that a party may serve upon any other party a request for production of any tangible thing within the party's possession, custody, and control that is within the scope of Rule 26. Fed. R. Civ. P. 34(a)(1)(B). The party receiving the request has thirty days in which to respond. Fed. R. Civ. P. 34(b)(2). A party may move for an order compelling production where the opposing party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3(B)(iv).

## III.

## DISCUSSION

In this instance, the parties are disputing whether Plaintiffs should have to produce personal Federal and State tax returns, business Federal and State tax returns, and personal banking records. The parties also dispute whether Plaintiffs should have to provide their personal bank account information for any accounts that they held between 2008 and 2014. It appears that the parties almost had an agreement at the meet and confer that would have mooted the need for the instant motion to compel, or at least most of it. Defendant Fresno asserts that the parties' agreement at the meet and confer was to produce records for the 5 years up to 2013 based upon the representation of Mr. Little that there were no records available prior to that time period. As Defendant Fresno has agreed to limit requests for personal and business financial information to 5 years prior to and including 2013, the Court only considers Defendant Fresno's request for personal and business banking and tax returns for the 5 years prior to and including 2013.

Defendant Fresno originally also sought to compel additional responses to Request for

Production Nos. 10 and 12 to Jessop and Special Interrogatory No. 10 to Jessop and No. 5 to Ashjian. However, based on Plaintiffs' amended responses to these requests, Defendant Fresno states that these responses are now sufficient.

**A.     Requests for Production and Special Interrogatories**

Request for Production No. 5 to Plaintiff Jessop and No. 1 to Plaintiff Ashjian states:

Produce any and all of YOUR personal Federal and State tax returns for 2013 and the seven (7) years immediately preceding 2013.

Plaintiff Jessop's Amended Response:

Plaintiff objects to this request as being irrelevant. Plaintiff objects to this request as seeking information which is not reasonably calculated to lead to Discovery of admissible evidence. Plaintiff objects that this request violates the right to privacy. Plaintiff additionally objects that this request is overly broad, unduly burdensome, compound, and premature.

The reason that the plaintiff raises these objections is that the money stolen from the business, ATM Online Services, LLC, in relation to this case has no bearing on the responding plaintiff's individual tax returns from that or prior years. The money stolen from ATM Online Services, LLC was inventory that was to have been loaded in the ATM machines of the company. It was not income that would have been reflected on one of the plaintiff's income tax returns from 2013, and certainly not income tax returns from years before the theft occurred.

As per the parties' agreement, the responding party will produce the responsive records in his possession, custody or control for the last five years. Those documents are being gathered and will be produced shortly.

Plaintiff Ashjian's Amended Response:

Plaintiff objects to this request as being irrelevant. Plaintiff objects to this request as seeking information which is not reasonably calculated to lead to Discovery of admissible evidence. Plaintiff objects that this request violates the right to privacy. Plaintiff additionally objects that this request is overly broad, unduly burdensome, compound, and premature.

The reason that the plaintiff raises these objections is that the money stolen from the business, ATM Online Services, LLC, in relation to this case has no bearing on the responding plaintiff's individual tax returns from that or prior years. The money stolen from ATM Online Services, LLC was inventory that was to have been loaded in the ATM machines of the company. It was not income that would have been reflected on one of the plaintiff's income tax returns from 2013, and certainly not income tax returns from years before the theft occurred.

Finally, compliance with this request would be impossible, since, as stated in plaintiff's interrogatory responses, the defendants stole his tax returns and bank records during the incident.

As per the parties' agreement, the responding party will produce the responsive

records in his possession, custody or control for the last five years. Those documents are being gathered and will be produced shortly.

Request for Production No. 6 to Plaintiff Jessop and No. 2 to Plaintiff Ashjian states:

Produce any and all of YOUR business Federal and State tax returns for 2013 and the seven (7) years immediately preceding 2013.

Plaintiff Jessop's Amended Response:

Plaintiff objects to this request as being irrelevant. Plaintiff objects to this request as seeking information which is not reasonably calculated to lead to Discovery of admissible evidence. Plaintiff objects that this request violates the right to privacy. Plaintiff additionally objects that this request is overly broad, unduly burdensome, compound, and premature.

The reason that the plaintiff raises these objections is that the money stolen from the business, ATM Online Services, LLC, in relation to this case has no bearing on the responding plaintiff's individual tax returns from that or prior years. The money stolen from ATM Online Services, LLC was inventory that was to have been loaded in the ATM machines of the company. It was not income that would have been reflected on one of the plaintiff's income tax returns from 2013, and certainly not income tax returns from years before the theft occurred.

Finally, full compliance with this request would be impossible, since, as stated in plaintiff's interrogatory responses, the defendants stole his tax returns and bank records during the incident.

As per the parties' agreement, the responding party will produce the responsive records in his possession, custody or control for the last five years.
Those documents are being gathered and will be produced shortly.

Plaintiff Ashjian's Amended Response:

Plaintiff objects to this request as being irrelevant. Plaintiff objects to this request as seeking information which is not reasonably calculated to lead to Discovery of admissible evidence. Plaintiff objects that this request violates the right to privacy. Plaintiff additionally objects that this request is overly broad, unduly burdensome, compound, and premature.

The reason that the plaintiff raises these objections is that the money stolen from the business, ATM Online Services, LLC, in relation to this case has no bearing on the responding plaintiff's individual tax returns from that or prior years. The money stolen from ATM Online Services, LLC was inventory that was to have been loaded in the ATM machines of the company. It was not income that would have been reflected on one of the plaintiff's income tax returns from 2013, and certainly not income tax returns from years before the theft occurred.

Finally, compliance with this request would be impossible, since, as stated in plaintiff's interrogatory responses, the defendants stole his tax returns and bank records during the incident.

As per the parties' agreement, the responding party will produce the responsive

records in his possession, custody or control for the last five years. Those documents are being gathered and will be produced shortly.

Request for Production No. 7 to Plaintiff Jessop and No. 3 to Plaintiff Ashjian states:

Produce any and all of YOUR personal banking records for 2013 and the five (5) years immediately preceding 2013.

Plaintiff Jessop's Amended Response:

Objection. This request invades plaintiff's right to privacy and is not designed to lead to the discovery of relevant evidence. Plaintiff is not alleging personal funds were stolen from his bank account. The rare coins and currency stolen from the home of Micah Jessop were never maintained in any bank account or safe deposit box. All of the other monies stolen in this case were stolen from ATM Online Services, Inc., the plaintiffs' ATM business. All funds related to ATM Online Services, Inc. were kept in one of the three bank accounts that were held by that LLC (except for the monies that was maintained in the ATM machines themselves, which also was never in any personal account belonging to either plaintiff). There was no commingling of ATM business funds with the plaitniffs' [*sic*] personal accounts. For these reasons, no information will be provided.

As per the parties' agreement, the responding party will produce the responsive records in his possession, custody or control for the last five years.
Those documents are being gathered and will be produced shortly.

Plaintiff Ashjian's Amended Response:

Plaintiff objects to this Interrogatory as being irrelevant. Plaintiff objects to this interrogatory as seeking information which is not reasonably calculated to lead to Discovery of admissible evidence. Plaintiff objects that this request violates the right to privacy. Plaintiff objects that this request violates the right to privacy. Plaintiff additionally objects that this request is overly broad, unduly burdensome, compound, and premature. Notwithstanding the foregoing objections, plaintiff did not have a personal bank account in 2013 or in the five years immediately preceding 2013, and therefore has no documents which to sufficiently respond to this request.

Furthermore, compliance with this request would be impossible, since, as stated in plaintiff's interrogatory responses, the defendants stole his tax returns and bank records during the incident.

Special Interrogatory No. 9 to Plaintiff Jessop and No. 4 to Plaintiff Ashjian:

Provide the bank names, addresses, checking account numbers and savings account numbers for any and all of your personal accounts which were held between 2008 and 2014.

Plaintiff Jessop's Amended Response:

Objection. This request invades plaintiff's right to privacy and is not designed to lead to the discovery of relevant evidence. Plaintiff is not alleging personal funds were stolen from his bank account. The rare coins and currency stolen from the home of Micah Jessop were never maintained in any bank account or safe deposit

box. All of the other monies stolen in this case were stolen from ATM Online Services, Inc., the plaintiffs' ATM business. All funds related to ATM Online Services, Inc. were kept in one of the three bank accounts that were held by that LLC (except for the monies that was maintained in the ATM machines themselves, which was also never in any personal account belonging to either plaintiff). There was no commingling of ATM business funds with the plaintiffs' personal accounts.

As per the parties' agreement, the responding party will produce the responsive records in his possession, custody or control for the last five years.
These documents are being gathered and will be produced shortly.

Plaintiff Ashjian's Amended Response:

Plaintiff objects to this interrogatory as being irrelevant. Plaintiff objects to this interrogatory as seeking information which is not reasonably calculated to lead to Discovery of admissible evidence. Plaintiff objects that this request violates the right to privacy. Plaintiff additionally objects that this request is overly broad, unduly burdensome, compound, and premature. Plaintiff is not alleging that personal funds of were stolen from any personal bank account, which he in any event has not had in several years. All of the monies stolen in this case in which the responding plaintiff had an interest were stolen from ATM Online Services, Inc., the plaintiffs' ATM business. All funds related to ATM Online Services, Inc. were kept in one of three bank accounts that were held by that LLC (except for the moneis that was maintained in the ATM machines themselves, which also was never in any personal account belonging to either plaintiff). There was no commingling of ATM business funds with the plaintiffs' personal accounts.

As per the parties' agreement, the responding party will produce the responsive records in his possession, custody or control for the last five years.
These documents are being gathered and will be produced shortly.

(ECF No. 38 at 2-10.)

**B.     Motion to Compel**

Defendant Fresno argues that it has been several months since the requests were propounded to Plaintiffs and Plaintiffs contend that they will produce documents sometime in the future, but they have not produced any documents yet responsive to these contested requests.

Defendant Fresno states in its July 28, 2016 supplement that it is not seeking a further response from Plaintiff Ashjian for request No. 3. (ECF No. 38 at 7 n.1.) However, Defendant Fresno then states that Plaintiff Ashjian made contradictory claims about not having bank records and that the bank records were stolen. Defendant Fresno also states that if the bank records were stolen, Plaintiff Ashjian can retrieve copies from his bank. At the hearing, Defendant Fresno stated that it is still seeking all of the personal bank records that it sought in the requests for production of documents.

The Ninth Circuit has held that "[t]ax returns do not enjoy an absolute privilege from discovery[,]" but there is "a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975) (internal citations omitted). The Ninth Circuit has recognized that "[t]he confidentiality of tax information may also be preserved in civil proceedings through protective orders." Stokwitz v. U.S., 831 F.2d 893, 897 (9th Cir. 1987) (citing Premium Service Corp. v. Sperry Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975)).

Plaintiffs argue that their personal financial information is irrelevant to this action. Defendants argue that Plaintiffs' personal financial information is relevant to verify that Plaintiffs had access to funds of the magnitude that they allege were stolen. Plaintiffs argue that the documents that they produced in their original document production show that as much as $800,000 a month went through the business account, so it is possible that $131,000 from the business could have been stolen as alleged.

Defendant Fresno points out that Plaintiffs allege that an additional $20,000 was taken from Plaintiff Jessop's house as well as rare coins. Plaintiffs argue that the rare coins and currency stolen from Plaintiff Jessop's house were never maintained in a bank account or safe deposit box. Although Plaintiff Jessop does not allege that the $20,000 in United States currency and the $125,000 in rare coins were in a bank account or safe deposit box, Plaintiff Jessop does allege that he had the currency and rare coins at his house. The Court finds that Plaintiff Jessop's personal bank records and tax returns have the tendency to make the fact that he had that amount of currency and coins available in his house at the time the search warrant was executed more or less probable than it would be without the evidence.

Defendant Fresno also argues that it is reasonably believed that illegal coin pusher gambling machine funds were commingled with personal and/or business funds, so Plaintiffs should have to produce their personal financial information. Plaintiffs argue that records from long ago do not pertain to an operation that had only been in existence since 2012 or how the records could relate to damages from a 2013 incident. At the hearing, Defendant Fresno stated

that it had a document which indicated that the coin pusher gambling business began in March 2011. At the hearing, Plaintiffs stated that the ATM business started in late 2011. Although the coin pusher business did not start until March 2011 and the ATM business did not start until late 2011, Plaintiffs' personal financial information for an amount of time prior to March 2011 is relevant to what amount of money Plaintiffs had available to them at the start of the coin pusher business and the ATM business.

Therefore, Plaintiff Jessop has put his personal accounts at issue in this matter and information from his personal bank accounts and tax returns is relevant. When considering what time period Plaintiff Jessop's personal bank records and tax returns are relevant for and whether Fresno's request for these documents is proportional to the needs of the case, the Court finds that Plaintiff Jessop's personal bank records and tax returns from January 1, 2010, through January 1, 2014, will provide Defendant Fresno with information which may assist them in determining whether Plaintiff Jessop had $20,000 in currency and $125,000 in rare coins available to be seized as well as whether Plaintiffs, and specifically their business, had $131,380 available to be seized on the day the search warrant was executed. Therefore, the Court finds that Defendant Fresno's motion to compel a further response from Plaintiff Jessop for Request for Production Nos. 5 and 7 is granted, but only for the time period from January 1, 2010, to January 1, 2014. Accordingly, Plaintiff Jessop shall produce his personal bank records and personal state and federal tax returns for the time period from January 1, 2010, to January 1, 2014.

Although Defendant argues that Plaintiffs have put their personal accounts at issue by stating that Defendants "seized an additional $20,000 in United States currency," this allegation only pertained to money stolen from Plaintiff Jessop's house. As stated above, Plaintiff Jessop must produce his personal bank and state and federal tax returns. However, there is no allegation that Plaintiff Ashjian's personal money was also stolen either at Plaintiff Jessop's house or at the business location. Plaintiff Ashjian's personal accounts are relevant based on Defendant Fresno's belief that the coin push business proceeds were comingled with the ATM business proceeds and personal funds. When considering what time period Plaintiff Ashjian's personal bank records and tax returns are relevant for and whether Fresno's request for these documents is

proportional to the needs of the case, the Court finds that Plaintiff Ashjian's personal bank records and tax returns from January 1, 2010, through January 1, 2014, will provide Defendant Fresno with sufficient information to determine whether Plaintiffs, and specifically their business, had $131,380 available to be seized on the day the search warrant was executed. Therefore, the Court finds that Defendant Fresno's motion to compel a further response from Plaintiff Ashjian for Request for Production Nos. 1 and 3 is granted, but only for the time period from January 1, 2010, through January 1, 2014. Accordingly, Plaintiff Ashjian shall produce his personal bank records and personal state and federal tax returns for the time period from January 1, 2010, through January 1, 2014.

Plaintiffs argue that the business tax returns from the year of the incident and prior years are not relevant because the money stolen was inventory that was to have been loaded into the ATM machines. Plaintiffs have already produced the ATM business's bank records. Plaintiffs argue that the cash that was stolen from the business would not have been reflected on the company's income tax return from 2013 or tax returns from years before the theft occurred. Defendant Fresno argues that the business tax returns are relevant in order to determine whether Plaintiffs had available to them the kind of money they claim was seized. As Defendant Fresno has alleged that the ATM business funds may have been commingled with the coin pusher funds and personal funds, the ATM business tax returns have the tendency to make the fact that Plaintiffs, and specifically their business, had $131,380 available at the time the search warrant was executed more or less probable than it would be without the evidence. While the money here may be "inventory" for accounting purposes, the inventory, nevertheless, is still money is usually acquired through income or withdrawals from financial accounts. Financial records can assist a party in verifying the veracity of the allegation. When considering the relevancy of the information and whether Fresno's request for these documents is proportional to the needs of the case, the Court grants Defendant Fresno's motion to compel a further response from Plaintiff Jessop for Request for Production No. 6 and from Plaintiff Ashjian for Request for Production No. 2, but only for the period of time from January 1, 2010, through January 1, 2014. Accordingly, Plaintiffs shall produce the business state and federal tax returns for the time period

from January 1, 2010, through January 1, 2014.

Defendant Fresno also seeks further responses to special interrogatory No. 9 to Plaintiff Jessop and No. 4 to Plaintiff Ashjian. In his amended response, Plaintiff Ashjian states that he has not had a personal bank account in several years. Plaintiff Ashjian's statement is vague, and it is unknown whether Plaintiff Ashjian had a bank account from 2008 through 2014. Plaintiff Ashjian does not clearly state that he did not have a bank account during the entire time period that the special interrogatory refers to. Therefore, for the same reasons that Plaintiff Ashjian's personal bank and tax returns are relevant and proportional to the needs of the case for January 1, 2010, through January 1, 2014, Plaintiff Ashjian's personal bank account information from January 1, 2010, through January 1, 2014, is relevant and proportional to the needs of the case. Therefore, the Court grants Defendant Fresno's motion to compel a further response from Plaintiff Ashjian for Interrogatory No. 4, but only for the period of time from January 1, 2010, through January 1, 2014. Plaintiff Ashjian must provide the bank names, addresses, checking account numbers and savings account numbers for any and all of his personal bank accounts which were held from January 1, 2010, through January 1, 2014. If Plaintiff Ashjian did not have any personal bank accounts during this time period, he must clearly state this in a response to Defendant Fresno.

For the same reasons that Plaintiff Jessop's personal bank records from January 1, 2010, through January 1, 2014, are relevant and proportional to the needs of the case, Plaintiff Ashjian's personal bank account information from January 1, 2010, through January 1, 2014, is relevant and proportional to the needs of the case. Therefore, the Court grants Defendant Fresno's motion to compel a further response from Plaintiff Jessop for Interrogatory No. 9, but only for the period of time from January 1, 2010, through January 1, 2014. Plaintiff Jessop must provide the bank names, addresses, checking account numbers and savings account numbers for any and all of his personal bank accounts which were held from January 1, 2010, through January 1, 2014.

At the hearing, Plaintiffs' counsel stated that he had provided a protective order to Defendant Fresno's counsel, but that it had not been signed yet. The parties may enter into a

protective order regarding the production of documents in this order.  If the parties are unable to agree on the protective order, they may seek the Court's assistance to resolve any disagreement through the informal discovery dispute process found on the Court's website, under Judge Boone, in an effort to avoid expenses and further delays.

### C. Request for Sanctions

In Defendant Fresno's motion to compel, it requests $2,220.00 in sanctions for Plaintiffs and their counsel's violation of Federal Rule of Civil Procedure 37.  Defendant Fresno argues that Plaintiffs engaged in a concerted effort to frustrate the discovery process by failing to provide complete and straightforward responses to discovery.  Defendant Fresno also argues that sanctions should be awarded because of Plaintiffs' counsel's failure to respond to Defendant Fresno's meet and confer efforts.  Defendant Fresno's July 28, 2016 supplement, it requests that the Court award the $2,220.00 in sanctions previously sought and consider awarding sanctions for the preparation of Defendant Fresno's supplemental brief.

Rule 37(a) provides that if the motion to compel discovery is granted: "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust."  Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 277 (C.D. Cal. 2008) (quoting Fed. R. Civ. P. 37(a)(5)(A)).

As Defendant Fresno's motion to compel is only granted in part, the Court has discretion to apportion the reasonable expenses for the motion.  Fed. R. Civ. P. 37(a)(5)(C).  In this case, the Court finds that Defendant Fresno is not entitled to expenses for the parts of the motion that it prevailed on.  However, in this case, Defendant Fresno had to spend additional time on this motion to compel because of Plaintiff's counsel's initial failure to meet and confer.  Defendant Fresno's counsel would not have had to submit the July 13, 2016 reply and 251(d) declaration if Plaintiffs' counsel had complied with initial meet and confer requirements.  The Court finds that Plaintiffs shall pay Defendant Fresno for the additional time that Defendant Fresno was required

to spend on the motion due to Plaintiff's counsel's initial failure to meet and confer. Therefore, Defendant Fresno's request for sanctions is granted in part. Defense counsel shall submit a declaration setting forth the amount of time that it took and the amount of expenses that were required to complete the July 13, 2016 reply and July 13, 2016 251(d) declaration no later than August 9, 2016. Plaintiffs may file an opposition on or before August 16, 2016. The Court will then evaluate the reasonableness of Defendant Fresno's attorney's fees for the July 13, 2016 reply and July 13, 2016 251(d) declaration.

## IV.

## ORDER

Accordingly, it is HEREBY ORDERED that:

1. Defendant Fresno's motion to compel is GRANTED in part as follows:

    a. Plaintiff Jessop shall provide further responses and produce documents responsive to Defendant Fresno's Request for Production (Set No. One) Request Numbers 5 and 7 for January 1, 2010, through January 1, 2014, within 10 days;

    b. Plaintiff Jessop shall provide further responses to Defendant Fresno's Special Interrogatories (Set No. One) Interrogatory Number 9 for any and all of his personal bank accounts which were held between January 1, 2010 and January 1, 2014, within 10 days;

    c. Plaintiff Ashjian shall provide further responses and produce documents responsive to Defendant Fresno's Request for Production (Set No. One) Request Numbers 1 and 3 for January 1, 2010, through January 1, 2014, within 10 days;

    d. Plaintiff Ashjian shall provide further responses to Defendant Fresno's Special Interrogatories (Set No. One) Interrogatory Number 4 for any and all of his personal bank accounts which were held between January 1, 2010, and January 1, 2014, within 10 days; and

    e. Plaintiff Jessop and Plaintiff Ashjian shall provide further responses and produce documents to Defendant Fresno's Request for Production (Set No. One) Request Numbers 6 and 2, respectively, for the business federal and state tax returns from

January 1, 2010, through January 1, 2014, within 10 days; and

2. Defendant Fresno's request for sanctions is granted in part. Defendant Fresno shall file a declaration setting forth the time that it took and the amount of expenses that were required to prepare the July 13, 2016 reply and July 13, 2016 251(d) declaration no later than August 9, 2016. Plaintiff may file an opposition on or before August 16, 2016.

IT IS SO ORDERED.

Dated:  **August 4, 2016**

UNITED STATES MAGISTRATE JUDGE