# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH JESSOP, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF FRESNO, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00316-DAD-SAB<br><br>ORDER GRANTING DEFENDANT CITY OF FRESNO'S REQUEST FOR $259.00 IN ATTORNEY'S FEES<br><br>(ECF Nos. 41, 42) |

On June 22, 2016, Defendant City of Fresno ("Defendant Fresno") filed a motion to compel further responses to special interrogatories and to requests for production of documents from Plaintiffs Micah Jessop and Brittan Ashjian ("Plaintiffs"). (ECF No. 32.) Defendant Fresno also requested monetary sanctions in the amount of $2,220.00, which represented the fees and costs associated with bringing and presenting the motion to compel. (ECF No. 32.) On August 4, 2016, the Court granted in part Defendant Fresno's motion to compel and granted in part the request for attorney's fees. (ECF No. 41.) The Court found that Plaintiffs should pay Defendant Fresno for the additional time that Defendant Fresno was required to spend on the motion due to Plaintiffs' counsel's initial failure to meet and confer. Therefore, the Court found that Plaintiffs should pay Defendant Fresno for the time that it took and the amount of expenses that were required to complete the July 13, 2016 reply and July 13, 2016 251(d) declaration.

On August 5, 2016, Defendant Fresno's counsel, Allen Christiansen, submitted a

declaration pursuant to the Court's August 4, 2016 order and in support of Defendant Fresno's request for attorney's fees. (ECF No. 42.) Plaintiffs did not file an opposition.

Trial courts have broad discretion in determining the reasonableness of attorney fees. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). The Ninth Circuit and California both utilize the "lodestar" approach for assessing reasonable attorneys' fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (federal law); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (federal law); Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) (California law). The court then may adjust the lodestar upward or downward based upon a variety of factors. Gonzalez, 729 F.3d at 1202.

In his August 5, 2016 declaration, Mr. Christiansen declares that his billing rate for the City of Fresno is a contract rate of $185.00 per hour. (Christiansen August 5, 2016 Decl. at ¶ 3.) Mr. Christiansen also declares that he spent 1.4 hours of time preparing the July 13, 2016 reply and July 13, 2016 251(d) declaration. (Christiansen August 5, 2016 Decl. at ¶ 3.) Therefore, Mr. Christiansen requests $259.00 in sanctions against Plaintiffs. The Court finds that the $259.00 in fees described in Mr. Christiansen's declaration is reasonable and Plaintiffs shall pay Defendant Fresno $259.00 in expenses associated with the July 13, 2016 reply and 251(d) declaration.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs shall pay the total amount of $259.00 in attorney's fees to Defendant Fresno made payable to "Law Offices of Ferguson, Praet & Sherman, APC" within fourteen (14) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **August 17, 2016**

UNITED STATES MAGISTRATE JUDGE